## McRoberts *v.* Bergman *et al.*

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

ADVERSE POSSESSION—EVIDENCE.

A deed to a tenant in possession from one who has no title to the land is void, and insufficient as a basis for adverse possession.

Appeal from circuit court, Richmond county.

Action by Hugh McRoberts against Henry S. Bergman, Lena Bergman, Sarah A. Burke, Thomas S. Burke, Mary Burke, and others, to recover certain land in Richmond county. From a judgment for plaintiff and from an order denying a new trial defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*David R. Garniss*, for appellants. *Wm. M. Mullen*, (*George J. Greenfield*, and *Wm. M. Bruce*, of counsel,) for respondent.

BARNARD, P. J. The plaintiff proved a singularly clear title to the land in question. The lands were supposed to be and no doubt were included in grants from the crown of Great Britain to Mary Britton and to Sarah Skidmore, over 200 years ago. The descriptions in the charters are very general, and the monuments are difficult to identify. It can, however, safely be said that the occupation under these patents is proven beyond contradiction. In 1756 the lands were devised to one John Kittelbar, and subsequent to that sale the land in dispute has been occupied as fully as it could be by the successive owners of the same. It is a small lot between a low meadow and the lower bay of New York. The meadow has been constantly used as such meadows are, and there is not the slightest reason to suppose the description left a narrow strip of beach between the meadow and high-water mark. The plaintiff derived his title from the widow and heirs of Thomas H. White, in 1874, 1875, and 1876. In 1873 Sarah A. Burke took a deed from Joseph Stillwell and Anna M. Tucker to the lands in question. Mrs. Burke was in possession by permission of Daniel Wordell, when she took this deed. The deed to Mrs. Burke when she was in possession under Wordell was insufficient as a basis for an adverse possession. Stillwell and Tucker had no title to give. This Stillwell and Tucker deed was insufficient to raise the question of champerty as against the plaintiff's deed, given subsequently by the true owner, and the deed itself was void, having been given while the true owner was in actual possession by his tenants. Mrs. Burke repudiated the Tucker title as founded on no right, and took, it appears, another deed from other parties, which is not set up in this action as a source of title as proven on the trial. It has no support. It is supposed to be operative on the strip of beach

outside the meadow, because that strip is not defined in the grant to plaintiff's predecessor in title, under which plaintiff claims, and the grant to Simms gives all which is not given to other parties in Richmond county. The claim is baseless under this evidence. The occupation under the crown grant to plaintiff's predecessor in title is so positive and long-continued that the rule as to location of the land under a deed would apply. There was no outlying strip which would appear for the first time nearly or quite 200 years after the grant to the plaintiff. The plaintiff's right to the land was therefore clear, both by deed and by an occupation of over 20 years, under a claim of title, and the defendant had no right either by deed or by occupation. The judgment should therefore be affirmed, with costs.